<u>**NOT FOR PUBLICATION**</u>



**FILED**

JAMES J. WALDRON, CLERK

**MAR. 29, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: <u>s/ Ronnie Plasner,</u> DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

**HOWARD KOMENDANT CPA, P.C.,**

Debtor.

Case No.:   09-31752  (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

<u>**OPINION**</u>

**APPEARANCES:**

Greenbaum, Rowe, Smith & Davis LLP
Nancy Isaacson, Esq.
75 Livingston Avenue, Suite 301
Roseland, New Jersey  07068-3701
***Counsel for Debtor***

Law Offices of David Giller
David Giller, Esq.
1 University Plaza Drive, Suite 412
Hackensack, New Jersey  07601
***Counsel for Creditor, Robert Dancziger***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

This Court has on remand from the District Court the determination of compensatory damages due to the Debtor, Howard Komendant CPA, P.C. ("Komendant" or "Debtor") by his creditor, Robert Dancziger ("Dancziger") and, by way of Dancziger's cross-motion, whether sanctions should be awarded against the Debtor for submitting alleged perjurious proofs in support of his claims for damages pursuant to Federal Rule of Bankruptcy Procedure 9011.

In its March 3, 2010 Order Imposing Sanctions and Awarding Damages Pursuant to 11 U.S.C. § 362(k), the Court found that Dancziger willfully violated the automatic stay. The March 3, 2010 Order granted the Debtor's motion for damages for creditor misconduct and required Dancziger to pay compensatory damages, including attorney's fees and costs, in an amount to be later determined by the Court upon the submission of Debtor's attorney's affidavit of services and other proofs of actual damages, and awarded $5,000 in punitive damages. This finding was affirmed by the United States District Court upon consideration of the first of the two appeals that Dancziger filed in this matter.

On March 23, 2010, Debtor's attorney submitted his Certification of Services to establish attorney's fees and costs and the Debtor also submitted Certification as to Compensatory Damages. Through those submissions, the Debtor sought attorney's fees and costs of $5,256.20 and actual damages of $85,000.00.

Upon consideration of these submissions, the Court entered an Order on March 24, 2010 awarding attorney's fees and costs of $5,256.20 and an additional $10,000.00 in what the Court characterized as "punitive damages." Dancziger then filed a motion for "clarification" of the Court's orders. The Court entered a subsequent Order, on May 11, 2010, to resolve any confusion between

3

its March 3, 2010 and March 24, 2010 Orders.  The May 11, 2010 Order clarified that the total damages to Debtor including "any and all punitive damages, compensatory and actual damages awarded" totaled $20,256.20.[1]

Dancziger appealed the Court's March 24, 2010 and May 11, 2010 Orders.  On appeal, the United States District Court vacated "those parts that deal with the amount of damages to be imposed" observing that by awarding damages without giving Dancziger an opportunity to be heard on the issues raised by the proof of damages, this Court "did unwittingly violate" Mr. Dancziger's constitutional right to procedural due process.

The Court has afforded Mr. Dancziger an opportunity to be heard and he has submitted a brief in opposition to the proofs Debtor submitted relating to compensatory damages.  He makes two primary arguments to oppose Debtor's proofs:  (1) he claims that the proofs Debtor submitted are "perjurious" and (2) he argues that the proofs do not constitute competent evidence of damages for various reasons.

Dancziger argues that in submitting Debtor's proofs claiming $85,000.00 in damages and an additional $5,256.20 in attorney's fees and costs that the Debtor submitted perjurious certifications and proofs.  Dancziger claims that Debtor's proofs are insufficient for the following reasons.  First, and most problematic, the evidence submitted to show debtor's claimed damages is perjurious, as it is directly contradicted by it and its principal's own prior statements.  Second, the certification submitted was not sufficient evidence to have justified the award of any damages.  Third, even assuming that everything contained in the certification was true, as it only addressed gross, as opposed to net, revenue, no actual damages were shown.  Fourth, no evidence was submitted to

---

[1] The sum of the $5,000 punitive damages (March 3, 2010 Order), plus $5,256.20 attorney fees, and $10,000

show that creditor misconduct was the actual cause of these supposed damages. Fifth, the portion of Debtor's proof that addresses attorneys' fees is also deficient, as the invoices submitted include work which is not related to Dancziger's alleged violation of the stay or the damages that Debtor supposedly suffered as a result.

Dancziger points out the Debtor claimed in its Amended Petition, signed by Mr. Komendant, that its gross income for 2008 was $112,908 in 2008, and $60,492 for January through August of 2009. Yet in his filed certification as to compensatory damages, Mr. Komendant claimed that for that same period of time the gross revenues of debtor were $285,000. Clearly, it is argued, one or both Mr. Komendant's certifications was false and the Amended Petition, it is suggested, contained figures which may have been put forth in an attempt to commit a fraud on the Court. It is notable, Dancziger argues, that the Debtor has not been able to produce any evidence to support these revenue figures, neither in response to Mr. Dancziger's subpoenas nor in support of the application for damages.

Dancziger further submits that the Debtor failed to present any competent evidence of damages arguing that the Debtor's proofs were devoid of elementary documentary evidence to support loss business and certainly no proof that any decline in business was directly caused by the violation of the automatic stay and the conduct of the creditor. In this regard, Dancziger suggests that the reputation of the Debtor was damaged by the Debtor's own conduct including his filing of bankruptcy and had little or nothing to do, and certainly nothing was proved, establishing causation between Dancziger's conduct and the Debtor's loss of business.

---

compensatory damages (the March 24 Order).

Finally, Dancziger argues that the Debtor's counsel's invoices for services rendered reflect work done on other matters in the bankruptcy unrelated to Dancziger and thus the claim and award of $5,256.20 is not proper.

The Debtor submitted a Certification of Howard Komendant, principal of the Debtor, in reply to the opposition of Dancziger and support of Debtor's argument for compensatory damages and sanctions.  Komendant states that he reviewed his March 23, 2010 certification and the Statement of Financial Affairs from the Debtor's Amended Chapter 7 Petition.  He certified that the books and records of the Debtor demonstrate that the statement in his March 23, 2010 certification, that the gross revenue of Debtor's accounting practice on an annualized basis for the years in question, 2008 and 2009, was approximately $285,000, is correct.  These books and records show that the gross revenue from the practice for the 2008 calendar year was $401,625.00.  For 2009, up to August 19, 2009, the date of the filing of the Debtor's Chapter 7 Petition, the gross revenue of the Debtor was $187,926.  Thus, he points out the statement in his March 23, 2010 certification as to the annualized approximate gross revenue of $285,000 for those periods is accurate and correct.

He acknowledged there is a discrepancy between the annualized approximate gross revenue figure cited in his March 23, 2010 certification and the figures reported as the "gross income" received by the Debtor in the Statement of Financial Affairs attached to the Debtor's Amended Petition.  He states there is a very simple explanation for this discrepancy.  Apparently, when he provided the Debtor's "gross amount of income" for the Statement of Financial Affairs, he mistakenly provided the same figures as his <u>individual</u> personal gross income.  Indeed, these same figures do appear on the Statement of Financial Affairs included in the Chapter 7 Petition in his personal bankruptcy case, *In re Howard Komendant*, Case No. 09-41086 (DHS).  He explains this

6

confusion and error were the result of preparing and filing two Chapter 7 Petitions, one for the Debtor and one for himself, individually, essentially at the same time.

This error is regrettable, but does explain the discrepancy between the figures reported on the two documents. Komendant states he stands by the statements in his March 23, 2010 certification with regard to the Debtor's lost revenues, and his belief that those losses were a result of Mr. Dancziger's misconduct. However, he offers no further proof of business loss or cause of the business loss. He leaves it to the Court to weigh the probative value of his statement and to award compensatory damages.

Here, this Court must determine whether the Debtor has provided sufficient evidential proof for the fixing and awarding of compensatory damages, including attorney's fees, and whether, if not, the Debtor has submitted perjurious proofs and should be sanctioned. The Court has reviewed and considered the certifications filed in this matter including Debtor's support of the award of compensatory damages and Dancziger's certification in support of his cross-motion, heard the arguments of counsel, and makes the following determinations.

The Debtor's best evidence of compensatory damages to which he seeks entitlement as a result of Dancziger's willful violation of the automatic stay does not support his accusations or justify the finding of lost business occasioned by Dancziger's conduct. Simply demonstrating the mere fact of a reduction in gross or net income subsequent to Dancziger's violation of the stay does not alone suffice to prove Dancziger was the cause of business loss. Lack of supporting witnesses or expert testimony as to the actual cause of the business loss is apparent in Debtor's case. Simply put, Debtor fails to put forth credible evidence to show the creditor's misconduct was the actual cause of

his damage. This it is fatal to Debtor's claim. Thus, due to a lack of sufficient proof to justify an award, the Court cannot fix or award Debtor damages for lost business as claimed.

Dancziger's charge of perjury is similarly unproven. Dancziger alleges that Mr. Komendant made "perjurious" and fraudulent statements in the Debtor's bankruptcy petition as well as his certification filed in support of compensatory damages. To establish perjury, it must be shown that the person charged knowingly made a false and material declaration under oath in a proceeding before or ancillary to any court of the United States. *United States v. Gorman*, 613 F.3d 711, 715-16 (7th Cir. 2010). Such statements may constitute a bankruptcy crime under 18 U.S.C. § 152. *See United States v. Holthaus*, 486 F.3d 451, 456 (8th Cir. 2007) (affirming the sentence of a defendant who pled guilty to "making a false declaration or statement in connection with his bankruptcy petition"). Under this provision, a person who "knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11" is subject to fine, imprisonment, or both. 18 U.S.C. § 152(3). Generally, liability under section 152(3) requires (1) a declaration, certificate, verification or other statement made under penalty of perjury; (2) in or in relation to a bankruptcy case or proceeding; (3) which is false; (4) material; and (5) made knowingly and fraudulently. *See* 1-7 COLLIER ON BANKRUPTCY ¶ 7.02[3][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also United States v. Bortnick*, Criminal Action No. 03-CR-0414, 2005 U.S. Dist. Lexis 33541, at *96 (E.D. Pa. July 20, 2005); *United States v. McCormick*, 72 F.3d 1404, 1406 (9th Cir. 1995). The prosecution must prove the above elements beyond a reasonable doubt.[2] *Bortnick*, 2005 U.S. Dist.

---

2 Notably, Dancziger lacks the standing required to prosecute a crime under federal law.

Lexis 33541, at *96.  Notwithstanding the above, the Court finds no support for Dancziger's charge of perjury and fraud.[3]

The Komendant Certification provides a credible explanation for the discrepancy between the data provided under oath by Mr. Komendant in Debtor's Statement of Financial Affairs and the figure stated in his earlier certification as to Debtor's damages.  Komendant's explanation, that he made an unintended error by inserting his personal income figures when completing Debtor's Statement of Financial Affairs, is rational under the circumstances of these cases where two chapter 7 petitions and schedules were being prepared and signed by the same individual.  This explanation is accepted by the Court.  An unintended error is not a knowingly false material declaration and does not constitute "perjury."  Such unintended error nullifies Dancziger's accusation of "perjury."  The Court therefore finds there was no perjury committed and Dancziger's cross-motion for sanctions is denied.

Finally, the Court still has no doubt that the Debtor is entitled to reimbursement of attorney's fees occasioned by Dancziger's willful violation of the automatic stay.  See Court's March 3, 2010 Order.  That finding is consistent with the statutory authority found in 11 U.S.C. § 362(k)(1) which includes "costs and attorneys fees" as a component of actual damages for willful violations of the automatic stay.  The Court initially calculated the attorney's fees of $5,256.20 but shall revise that sum to $4,936.20 for the reasons set forth in the certification of Thomas Waldman dated March 7, 2011.

---

3 In addition to section 152, title 18 contains three statutes governing the crime of perjury.  *See* 18 U.S.C. §§ 1621-1623.  Under section 1621, the general perjury statute, "[w]hoever in any declaration, certificate, verification, or statement under penalty of perjury . . . willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury . . . ."  18 U.S.C. § 1621.  For the reasons stated herein, the Court finds that Dancziger's allegations are equally deficient under sections 1621 through 1623.

In summary, the Debtor has not proved nor provided credible evidence of damages for lost business caused by his creditor but is awarded attorney fees and costs of $4,936.20, pursuant to 11 U.S.C. § 362(k)(1).  The creditor's cross-motion for sanctions is denied.

An Order in conformance with this Opinion has been entered and a copy attached.


*s/   Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated:  March 29, 2011